COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-06-406-CR

 

 

AARON KEITH ALANIZ                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM
THE 90TH DISTRICT COURT OF YOUNG COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Aaron Keith Alaniz
pleaded guilty to aggravated sexual assault of a child and was placed on
deferred adjudication community supervision. When Appellant failed to abide by
the terms of his community supervision, the State moved to proceed to adjudication.  The trial court adjudicated Appellant guilty
and sentenced him to fifteen years= confinement.  The trial court
granted Appellant permission to appeal only the punishment portion of the
proceedings. In a single point on appeal, Appellant argues that his appointed
trial counsel rendered ineffective assistance by failing to move the trial
court to suppress contraband seized under an allegedly defective search
warrant.  We affirm.

                                       Standard of Review

To establish ineffective
assistance of counsel, appellant must show by a preponderance of the evidence
(1) that counsel=s representation
fell below the standard of prevailing professional norms and (2) that there is
a reasonable probability that, but for counsel=s deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62-63
(Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999); Hernandez v. State, 988 S.W.2d 770, 770 (Tex.
Crim. App. 1999).








When evaluating the
effectiveness of counsel under the first prong, we look to the totality of the
representation and the particular circumstances of each case.  Thompson, 9 S.W.3d at 813.  The issue is whether counsel=s assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688-89,
104 S. Ct. at 2065.  Review of counsel=s representation is highly deferential, and the reviewing court
indulges a strong presumption that counsel=s conduct fell within a wide range of reasonable representation.  Salinas, 163 S.W.3d at 740; Mallett,
65 S.W.3d at 63.  A reviewing court will
rarely be in a position on direct appeal to fairly evaluate the merits of an
ineffective assistance claim.  Thompson,
9 S.W.3d at 813-14.  AIn the majority of cases, the record on direct appeal is undeveloped
and cannot adequately reflect the motives behind trial counsel=s actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness.@  Id. (quoting Thompson, 9 S.W.3d
at 813).

The second prong of Strickland
requires a showing that counsel=s errors were so serious that they deprived the defendant of a fair
trial, i.e., a trial whose result is reliable. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is
a reasonable probability that, but for counsel=s unprofessional errors, the result of the proceeding would have been
different.  Id. at 694, 104 S. Ct.
at 2068.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Id. 
The ultimate focus of our inquiry must be on the fundamental fairness of
the proceeding whose result is being challenged.  Id. at 697, 104 S. Ct. at 2070.

                                       The
Search Warrant

 








While Appellant was serving
his term of deferred adjudication community supervision, police obtained a
warrant to search a house Ain charge of and controlled by@ Appellant for Aa
considerate [sic] amount of stolen property, taken in recent burglaries in the
Graham, Young County, Texas area.@  As probable cause for the
warrant, the warrant affidavit relied on information received from a
confidential informant, as follows:

Affiant
knows a cooperating individual who[m] the Affiant believes to be reliable and
credible and who for safety reasons shall remain unnamed throughout this
affidavit.  The cooperating individual
has, in the past, given officers with the Young County Sheriff=s
Office information on criminal activity that has proven to be true and correct
and that has led to the recovery of stolen merchandise.  On 9-8-05, said cooperating individual told
Affiant (Investigator Parker) that the cooperating individual has, in the past
personally observed stolen property at the above mentioned and described
suspected residence.  Cooperating
individual has also told Affiant (Investigator Parker) that recently
Cooperating Individual has personally observed methamphetamine in the
possession of [Appellant] at the said suspected place.  Said cooperating individual has knowledge of
methamphetamine and other illegal narcotics through past experience of drug
abuse. 

 

The magistrate issued the warrant, and police
searched the subject house.  Inside the
house, they found a .22 rifle unlawfully modified with a homemade silencer and
marijuana in what one of the searching officers described as a common area of
the house.  Appellant was present at the
house at the time of the search, as were another adult male, an adult female,
and a child. 








Appellant=s counsel filed a motion to suppress the contraband seized during the
search because the house searched by the police was not the house described in
the warrant served by the police at the time of the search.  At the suppression hearing, a police officer
testified that another officer inadvertently left a copy of the wrong search
warrant at the searched house.  The next
morning, when the police realized that they had left the wrong warrant at the
searched house, they served a copy of the correct warrant.  The trial court overruled Appellant=s motion and admitted testimony about the seized contraband into
evidence at the adjudication hearing.[2]   

                                             Discussion

On appeal, Appellant contends
counsel was ineffective for failing to move to suppress the contraband because
the confidential informant=s information was purely conclusory and so indefinite as to time that
the magistrate could not determine whether it was probable that the contraband
would still be present when the warrant issued. 

Even assuming for the sake of
argument that Appellant can satisfy the first prong of the Strickland test,
the second prong is fatally dispositive of his sole point; Appellant has not
shown a reasonable probability that, but for counsel=s alleged error, the trial court would have imposed a lesser
sentence.  See Strickland, 466
U.S. at 694, 104 S. Ct. at 2068.








Appellant pleaded guilty to
aggravated sexual assault of a child, a first degree felony, for which the
permissible range of punishment is confinement for five to ninety-nine years or
life.  See Tex. Penal Code Ann. '' 12.32
(Vernon 2003), 22.021(e) (Vernon Supp. 2006). 
The fifteen-year sentence recommended by the prosecutor and assessed by
the trial court is at the lower end of the range; indeed, the trial judge said
he was Astunned@ that the
State recommended such a light sentence. 

Further, the State offered
other evidence at the adjudication hearing that tends to support the sentence
imposed, even in the absence of the seized contraband: while on deferred
adjudication, Appellant failed to register as a sex offender; police arrested
him for theft of merchandise from a Wal-Mart; and when he was arrested, police
found illegal drugs and drug paraphernalia on his person.  While the trial court specifically mentioned
the illegal weapon and possession of marijuana when assessing punishment, it
also mentioned Appellant=s failure to
register as a sex offender.  More
significantly, the trial court emphasized Appellant=s demeanor as a crucial factor in sentencing:








I=m a
little stunned by a recommendation for 15 years.  The fact of the matter is that we have an
individual on supervision, who is not only facing being adjudicated guilty of a
felony offense but is also looking at life in prison.  And the person with so much at stake, even
though they come into court and they say, AWell, I=ve
got a couple of kids and a wife to support and another one on the way . . . [.]@ I
mean, theft, possession of a prohibited weapon, possession of marijuana,
failure to register, really a failure to do the one thing that we seek out of
anybody that we place on supervision, which is just to be a law‑abiding
citizen, and then you take the witness stand and, you know, you=re
attitude is defiant.  You know, I mean, I
don=t
want to answer these questions.  I don=t
want to answer these questions directly. 
I=ll
just be evasive.  I=ll
try to fake everybody out.  I=m
smarter than everybody else in the courtroom. 
And not only that, you know, you totally diminished your ‑‑
or you know, AShe
[the sexual assault victim] was my girlfriend,@ and,
you know, it=s not
very impressive.  So I=m
kind of stunned by a request that the Court only consider 15 years confinement
in prison, because the Court was really expecting the State to come in and say
hammer this fellow.  We got the
opportunity here; send him to prison for life. 
Send a message to this community. 

 

We hold that Appellant has
not shown a reasonable probability that, but for counsel=s alleged error, the trial court would have imposed a lesser
sentence.  See Strickland, 466
U.S. at 694, 104 S. Ct. at 2068. 
Therefore, we overrule his sole point and affirm the trial court=s judgment.

PER CURIAM

 

PANEL F:    GARDNER, J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 31, 2007











[1]See Tex. R. App. P. 47.4.





[2]No
evidence was offered at the punishment hearing, but the trial court=s
comments on the record during sentencing clearly show that the trial court
considered the contraband when assessing punishment.